## LONNIE KEAHEY V. STATE.

No. 30,452. February 25, 1959.
Motion for Rehearing Overruled May 6, 1959.
Writ of Certiorari Denied by Supreme Court of United States
October 12, 1959.

*Grover C. Morris* and *Joe Burkett,* San Antonio, for appellant.

*Charles J. Leick, Jr.,* Criminal District Attorney, *Garland G. Wier,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiidng Judge.

The offense is the unlawful practice of medicine; the punishment, 30 days in jail and a fine of $500.00.

Officer Rosas of the San Antonio police testified that on the day in question he was engaged in investigating the unlawful practice of medicine; that he presented himself at the appellant's office, saw a sign reading "Lonnie Keahy N. D.;" that as he entered the appellant, who was dressed in a white coat, identified himself as Dr. Keahey, asked him what his trouble was; that he told the appellant he was having pains in his stomach; that the appellant told him he believed it was caused by stomach gases, directed him to be seated, mixed a potion from two jugs which were on a shelf and gave it to him to drink along with two pills. At the conclusion of the treatment, the appellant told him that his charges for such services were $4.00, gave him a bottle of liquid on which he pasted a label containing instructions for taking, and told him to return within a week if he was not improved.

It was established that appellant had not registered as a medical doctor.

Pressy Castillo testified that a short time prior to the day charged in the information her mother took her to the appellant for treatment, that he gave her a shot and some pills to take, and that some three weeks thereafter she had an infection on her lip and again went to the appellant, that he again gave her a shot and some medicine, and that she paid him his $3.00 fee on each visit.

The appellant did not testify or offer any evidence in his own behalf.

We shall discuss the contentions advanced in the appellant's brief and argument.

Appellant contends that the evidence is insufficient to support the conviction because there is no showing that Rosas was actually ill, no showing as to what the fluid was that the appellant gave Rosas to drink or the contents of the pills which he gave him to swallow, and no showing that the appellant ever told the witness Castillo that he was a doctor. Appellant cites no authority to support such contention, nor are we aware of any.

He next complains of the court's charge. There were no objections to the court's charge, and the requested charge did not call the court's attention to the defect in the charge which the appellant now asserts.

He complains of the refusal of the trial court to consider his amended motion for new trial in which he alleged that he was not permitted to prove that he was a licensed naturopath. Appellant overlooks the holding of this court in De Hay v. State, 158 Texas Cr. Rep. 262, 254 S.W. 2d 513, that such proof is immaterial to any issue in a case of this nature and does not constitute a defense.

Finding no reversible error, the judgment of the trial court is affirmed.