Michael FORD, Plaintiff,

v.

ATTORNEY GENERAL OF PENNSYL-VANIA, District Attorney of Schuylkill County, Sheriff of Schuylkill County, and Sergeant in Charge of Pennsylvania State Troopers Stationed at Mahanoy City, Schuylkill County, Pennsylvania, Defendants.

Civ. A. No. 27472.

United States District Court
E. D. Pennsylvania.

May 23, 1960.

Jacob Kossman, Philadelphia, Pa., for plaintiff.

Anne X. Alpern, Atty. Gen., Frank P. Lawley, Jr., Deputy Atty. Gen., for defendants.

Before BIGGS, Circuit Judge, and LORD and WOOD, District Judges.

BIGGS, Circuit Judge.

On December 28, 1959, the plaintiff, Ford, filed a complaint in this court alleging that the Attorney General of Pennsylvania, the District Attorney of Schuylkill County, the Sheriff of that County and the Sergeant in charge of the Pennsylvania State Troopers stationed at Mahanoy City, Pennsylvania planned to enforce Section 60 of the Act of March 31, 1860, P.L. 382, 18 P.S.Pa. § 1445,[1] unconstitutionally and illegally against the plaintiff and to confiscate certain single-

---

1. Section 60 provides as follows:

"It shall and may be lawful for any sheriff, constable or other officer of justice, with or without warrant, to seize upon, secure and remove any device or machine of any kind, character or description whatsoever, used and employed for the purposes of unlawful gaming as aforesaid, and to arrest, with or without warrant, any person setting up the same. And it shall be the duty of such sheriff, constable or other officer to make return, in writing, to the next court of quarter sessions of the proper county, setting forth the nature and description of the device or machine so seized upon, and the time, place and circumstances under which such seizure was made; and the said court, upon hearing the parties, if they should appear, if satisfied that such device or machine was employed and used for the purpose of unlawful gaming as aforesaid, shall adjudge the same forfeited, and order it to be publicly destroyed, and at the same time order such reasonable costs and charges to the seizing officer as they shall deem adequate and just, to be paid by the owner or possessor of such device or machine, or in case of his default, or in case he cannot be found, to be paid as costs are now by law paid upon indictments; and such adjudication shall be conclusive evidence to establish the legality of such seizure, in any court of this commonwealth, in any cause in which the question of its legality shall arise; and in any case in which a decree of forfeiture shall not be pronounced, if said court shall, upon the evidence, be satisfied that there was probable cause for the seizure, they shall certify the same, which certificate shall be a bar to any action brought against the officer for or on account of such seizure, in those cases in which the said officer returns, or offers to return such device or machine; and in all cases shall prevent a recovery in damages, for any sum beyond the real value of the device or machine seized."

coin pinball machines owned by him and, in addition to the *in rem* proceedings just referred to, also planned to prosecute the plaintiff under Section 605 of the Act of June 24, 1939, P.L. 872, 18 P.S.Pa. § 4605.[2] The plaintiff further alleges that the confiscation and criminal proceedings are to be based upon an erroneous interpretation of a decision of the Supreme Court of Pennsylvania, 1959, 397 Pa. 430, 156 A.2d 107, affirming a decision of the Superior Court of Pennsylvania in In re Return of Trombetta, 1959, 188 Pa.Super. 480, 149 A.2d 483.

The jurisdiction of this court was invoked under Sections 1343 and 2281, Title 28, U.S.C. and the Fourteenth Amendment to the Constitution of the United States.

After a preliminary hearing this court, by a single judge, made findings of fact and a conclusion of law, and on December 30, 1959, entered a preliminary injunction restraining and enjoining the defendants from instituting legal action against the plaintiff under the Pennsylvania statute cited above. An appeal was taken to the Court of Appeals and on February 9, 1960, that Court handed down a *per curiam* opinion requiring the dissolution of the injunction, 3 Cir., 1960, 274 F.2d 820, 821. In the course of that opinion, the court stated: "We do not know, in the absence of authoritative pronouncement by a Pennsylvania court, whether the plaintiff's machines do violate the law of Pennsylvania. But if they do and the plaintiff claims that action by state authorities will deprive him of his constitutional rights, he must seek relief through a three-judge court provided for

by the federal statutes. No such court has been constituted. We think the injunction against the defendants cannot be maintained. But we do not pass in any respect on the merits of the case." A petition for rehearing was filed with the Court of Appeals on February 16, 1960 and was denied on February 24, 1960. The mandate of the Court of Appeals was sent down to this court on March 3, 1960. On the same day the opinion of the Court of Appeals was handed down the plaintiff filed a motion in the district court requesting the appointment of a three-judge court pursuant to Sections 2281 and 2284, Title 28, U.S.C. An answer to this motion was filed by the defendant on February 12.

On February 15, in compliance with a request made on February 10, the Chief Judge of the Circuit constituted a three-judge court. The three-judge court sat on two occasions; *viz.*, on February 20th and April 7th. It was stipulated by counsel at the session of April 7th that the case might be disposed of as if on final hearing. The complaint does not charge that Section 60 of the Act of March 31, 1860 is unconstitutional but alleges rather than the defendants' interpretation is unconstitutional as applied to the plaintiff and to his converted single-coin pinball machines. The plaintiff asserts in substance that the decision in In re Return of Trombetta, as affirmed by the Supreme Court of Pennsylvania only doomed multiple-coin pinball machines.

The plaintiff also asserts that the threatened prosecution under Section 605 of the Act of June 24, 1939, P.L. 872, 18 P.S.Pa. § 4605,[3] violates the Fourteenth

2. Section 4605, in pertinent part, provides as follows:
"Whoever sets up or establishes, or causes to be set up or established, any game or device of address, or hazard, at which money or other valuable thing may or shall be played for, or staked or betted upon; or procures, permits, suffers and allows persons to collect and assemble for the purpose of playing at, and staking or betting upon such game or device of address, or hazard, for money or other valuable thing; or whoever,

being the owner, tenant, lessee or occupant of any premises, leases, hires, or rents the same, or any part thereof, to be used and occupied, or employed for the purpose of playing at, or staking and betting upon such game or device of address, or hazard, for money or other valuable thing, is guilty of a misdemeanor, and on conviction, shall be sentenced to pay a fine not exceeding five hundred dollars ($500), or undergo imprisonment not exceeding one (1) year, or both."

3. See note 2, supra.

Amendment in that the statute is so vague that one cannot be sure he is not violating the law.[4]

Finally, plaintiff asserts that he will be deprived of civil rights by the contemplated actions of the Attorney General of Pennsylvania and by the state and county officials referred to but he neither sets forth nor can we find any provision of the Civil Rights Acts, 42 U.S.C.A. § 1981 et seq., or any other acts which could afford him relief under the circumstances shown by the record.

As we read this complaint, the plaintiff's constitutional arguments relate to the two separate Pennsylvania statutes designated: one being Section 60 of the Act of March 31, 1860, under which the State plans to seize the single-coin machines of the plaintiff; the other being Section 605 of the Act of June 24, 1939, under which the State threatens to bring criminal proceedings against the plaintiff if he continues to retain his machines which the State contends are easily converted into gambling devices. To simplify matters we will deal with each statute separately as if the plaintiff had brought two, independent equity actions by separate complaints, which in substance he has.

It is well established that when a bill for a preliminary injunction to restrain the enforcement of a state statute fails to set up a substantial federal question the single judge of a district court to whom an application for a three-judge court was made may dismiss the complaint on the ground that it presents no substantial federal question, Ex parte Poresky, 1933, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152, and we conclude with reference to Public Law 60 of the Act of March 31, 1860 that no substantial federal question is presented on this record. The statute affords the plaintiff procedural due process of law if, as he alleges, his single-coin pinball machines are seized. Public Law 60 provides for a hearing in the Court of Quarter Sessions of the appropriate county where all issues presented can be adjudicated. The plaintiff may appeal that court's decision to the Superior Court and thence to the Supreme Court of Pennsylvania in some cases if the decision be adverse to him. See e. g. In re Return of Trombetta, supra.

Turning now to substantive due process, we again fail to see any merit in the plaintiff's contentions. It is asserted that there is a denial of equal protection of the laws under the Fourteenth Amendment in that the plaintiff's pinball machines, converted from multiple-coin to single-coin operation, are about to be treated discriminatorily in relation to pinball machines originally constructed to receive only a single coin at a time. The parties have stipulated that the plaintiff's machines may be reconverted to unlawful multiple-coin pinball machines. Compare In re Return of Trombetta, supra. To phrase the plaintiff's argument in another way, he asserts that it would be a denial of equal protection of the laws to outlaw single-coin machines that can be converted to multiple-coin machines, while not outlawing similar single-coin pinball machines which cannot be converted to multiple-coin operation. Under the present interpretation of the Fourteenth Amendment it is clear that the fact that the machines, otherwise lawful, may be converted to outlawed gambling devices constitutes a sufficient reason for giving

4. The plaintiff in paragraph 15 of the complaint alleges: "Plaintiff further avers that the threatened criminal proceedings under Section 605 of the Act of June 24, 1939, P.L. 872, 18 P.S., Section 4605, which holds, inter alia, that whoever sets up any game at which money or other valuable thing *may* or shall be played for is guilty of a misdemeanor, here violates the Fourteenth Amendment of the Constitution of the United States." In his brief he asserts that the statute is too vague and uncertain to meet the requirements of the Fourteenth Amendment as stated above. We conclude that under the "notice" pleading of the Federal Rules of Civil Procedure, 28 U.S.C.A., that this combination is sufficient to raise a justiciable issue.

them differential treatment. Furthermore, the Attorney General claims that certain non-convertible single-coin machines may also be seized and hence any claim of discrimination must be based on gross speculation. Certainly under the operative facts of the present record such an issue cannot rise to the dignity of a substantial federal question. To hold otherwise would unduly disrupt state judicial process.

■ We can perceive no reason why, if a three-judge court has been improvidently convened in respect to this aspect of the case and it appears that no substantial federal question is presented, as here, the three-judge court may not relinquish jurisdiction. We so hold.

■ We now reach Ford's allegation that Section 605 of the Act of June 24, 1939, P.L. 872, 18 P.S.Pa. § 4605, is unconstitutional because of vagueness. The relevant portion of that Act makes it a crime to set up any game at which money "may or shall be played for". One may well argue that almost any game by exercise or sufficient ingenuity may become a gambling device and that therefore this statute is too vague and indefinite to be enforced against the plaintiff.

We cannot say that this allegation does not present a substantial federal question. Moreover, it is clear that this allegation directly attacks a state statute and thus meets the requirements set out in 28 U.S.C. § 2281 relating to the jurisdiction of a three-judge court.[5] But the threatened action against Ford under Section 605 clearly would be a criminal proceeding and the jurisdiction of the court to enjoin such proceedings must be determined against the background of the long standing federal policy that equity will not interfere to prevent the enforcement of a criminal statute, even though unconstitutional, unless the danger of irreparable loss is both great and immediate. Spielman Motor Sales Co. v. Dodge, 1935, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322; Hygrade Provision Co. v. Sherman, 1925, 266 U.S. 497, 45 S.Ct. 141, 69 L.Ed. 402. There is no such showing here. If the plaintiff should be arrested his guilt would be tested and he would be tried by due process of law. The federal question can be set up in the state court. The criminal case against the plaintiff, if one ensues, will be an ordinary criminal prosecution. No more than a single prosecution is apparently contemplated. No multiplicity of criminal proceedings is even suggested. There is no necessity for the intervention of equity here. Cf. Harrison v. N.A.A.C.P., 1959, 360 U.S. 167, 177, 79 S.Ct. 1025, 3 L.Ed.2d 1152. It would be an abuse of discretion for this court to grant the relief sought by the plaintiff under this aspect of the case. That portion of the complaint based on Section 605 of the Act of June 24, 1939, must be dismissed for want of equity.

If we are in error in any respect relief may be obtained by appropriate application to the Supreme Court either by way of an appeal under Section 1253, Title 28, U.S.C. or by way of mandamus. See Ex parte Bransford, 1940, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249. A single judge of this court may dismiss that portion of the complaint based on Section 60 of the Act of March 31, 1860, in accordance with the mandate of the Court of Appeals.

An appropriate order will be entered.

---

5. 28 U.S.C. § 2281 provides as follows: "An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commis-sion acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."