Charles D. STUART et al., Appellants,

v.

Will WILSON, Attorney General of the State of Texas, et al., Appellees.

No. 18031.

United States Court of Appeals
Fifth Circuit.

Aug. 11, 1961.

See also 282 F.2d 539.

James L. McNees, Jr., Dallas, Tex., for appellants.

Tom I. McFarling, Asst. Atty. Gen. of Texas, John J. Fagan, Dallas, Tex., Linward Shivers, Asst. Atty. Gen. of Texas, Riley Eugene Fletcher, Austin, Tex., Will Wilson, Atty. Gen., of Texas, for appellees.

Before CAMERON and BROWN, Circuit Judges, and HANNAY, District Judge.

HANNAY, District Judge.

This suit was instituted in the United States District Court for the Northern District of Texas by 92 plaintiffs who term themselves "naturopathic physicians". They sought to enjoin the Texas State Board of Medical Examiners, the Attorney General of Texas, and the District Attorney of Dallas County, Texas from enforcing the provisions of Articles 4495–4512, Vernon's Ann. Texas Revised Civil Statutes, commonly known as the Texas Medical Practice Act.

Petitioners, hereinafter called appellants, also sought to have this action tried before a three-judge court, claiming that this case comes within the requirements of Title 28 U.S.C.A. §§ 2281–2284.

Appellants attack the Texas Medical Practice Act on the grounds that it violates the United States Constitution, particularly the Preamble, Section 2 of Article IV, and Article VI of the Constitution of the United States, Section 1 of the XIV Amendment; also, the Anti-Trust Laws of the United States, 15 U. S.C.A. § 1 et seq. and the Constitution of the State of Texas, Section 31 of Article 16, Vernon's Ann.St.

The trial judge, after a hearing on the pleadings only, dismissed the action for the stated reason that there was no substantial federal question involved and the federal court was without jurisdiction.

Thereafter appellants gave notice of appeal both to the United States Court of Appeals for the Fifth Circuit and to the Supreme Court of the United States. The appeal to the Supreme Court was pursuant to Title 28 U.S.C.A. § 1253, which authorizes a direct appeal to the Supreme Court from decisions of three-judge district courts. The Supreme Court dismissed the appeal on January 11, 1960 for want of a substantial federal question. On February 17, 1960, this court granted appellees' first motion to dismiss the appeal and granted appellants an extended time in which to file petition for rehearing. On July 6, 1960 this court reinstated the appeal. Appellees filed a second motion to dismiss the appeal based upon different grounds. Appellees second motion to dismiss was denied by this court in a per curiam opinion dated September 14, 1960.

The district judge's dismissal of the case for want of a substantial federal question was ruled to be a final decision which would support an appeal to this court. It is the contention of appellants that this action is controlled by England v. Louisiana State Board of Medical Examiners, 5 Cir., 259 F.2d 626, rehearing denied in written opinion, 5 Cir., 263 F.2d 661, writ of certiorari denied 359 U.S. 1012, 79 S.Ct. 1149, 3 L. Ed.2d 1036. This court decided that the question of whether the State Statutes of Louisiana were unreasonable and arbitrary in regulating the qualifications for practice in medicine as it applies to chiropractors raised a substantial federal question which could only be decided in a hearing before a duly constituted three-judge court.

First, it is the appellees contention that the Texas Medical Practice Act has heretofore been construed and that it was held to be constitutional. See Schlichting v. Texas State Board of Medical Examiners, 158 Tex. 279, 310 S.W.2d 557; Collins v. State of Texas, 223 U.S. 288, 32 S.Ct. 286, 56 L.Ed. 439; Keahey v. State of Texas, Tex.Cr.App., 327 S.W. 2d 759.

Secondly, that 28 U.S.C.A. § 1652 provides:

"State laws as rules of decision. The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise provide, shall be regarded as rules of decision in civil actions in courts of the United States, in cases where they apply."

See Wilson v. State Board of Naturopathic Examiners, Tex.Civ.App., 298 S.W.2d 946.

Thirdly, that appellants do not state sufficient facts to entitle them to practice

any healing art under Article 4590c, Vernon's Ann.Texas Revised Civil Statutes, known as the Basic Science Law.

Fourthly, that the anti-trust laws of the United States do not apply to State activities. See Hitchcock v. Collenberg, D.C., 140 F.Supp. 894, certiorari denied 353 U.S. 919, 77 S.Ct. 679, 1 L.Ed.2d 718.

We believe that a substantial federal question has been raised in this case warranting a trial before a three-judge court. The judgment is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.