Charles D. **STUART** et al., Petitioners,

v.

Will **WILSON**, Attorney General of the State of Texas,
Texas State Board of Medical Examiners
and
Henry **Wade**, District Attorney of Dallas County, Texas, Defendants.

**Civ. No. 8084.**

United States District Court
N. D. Texas,
Dallas Division.
July 23, 1962.

See 83 S.Ct. 547.

---

James L. McNees, Jr., McNees & Mc-Nees, Dallas, Tex., for plaintiff.

Will Wilson by Riley Eugene Fletcher, Linward Shivers, Charles D. Cabaniss, Cecil Cammack, Jr., Austin, Tex., Henry Wade, by John J. Fagan, Dallas, Tex., for defendants.

Before BROWN, Circuit Judge, and ESTES and HUGHES, District Judges.

PER CURIAM.

The 92 plaintiffs who term themselves "naturopathic physicians" brought this action to enjoin the Texas State Board of Medical Examiners, the Attorney General of Texas, and the District Attorney of Dallas County from enforcing the pro-visions of Articles 4495–4512, Vernon's Ann. Texas Revised Civil Statutes, commonly known as the Texas Medical Practice Act, asserting that such Act, as interpreted and enforced by the courts of Texas, violates the Constitution of the United States, the Constitution of the State of Texas, and the Antitrust and Civil Rights laws of the United States. The plaintiffs asked that a three-judge court be convened for a determination of the case, pursuant to 28 U.S.C.A. §§ 2281, 2284. After a hearing on the pleadings only, the Court, with a single Judge presiding, dismissed the action for want of a substantial federal question. The Court of Appeals reversed and remanded. Stuart v. Wilson, 5 Cir., 293 F.2d 914. In remanding the case, the Court of Appeals stated that under the authority of England v. Louisiana State Board of Medical Examiners, 5 Cir., 259 F.2d 626, rehearing denied in written opinion, 5 Cir., 263 F.2d 661, writ of cer. den. 359 U.S. 1012, 79 S.Ct. 1149, 3 L.Ed. 2d 1036, "a substantial federal question has been raised in this case warranting a trial before a three-judge court."

Pursuant to the opinion of the Court of Appeals, this cause came on for a trial on the merits; and after hearing the pleadings, evidence and arguments and consideration of the briefs, the Court finds that the overwhelming preponderance of the evidence establishes:

■ 1) Plaintiffs, "naturopathic physicians," are practicing medicine within the meaning of the Texas Medical Practice Act, Article 4510, and insist on the right to continue such practice without complying with the requirements of such Act for obtaining a license to practice medicine.

■ 2) The requirements of learning, skill and examination provided by the Texas Medical Practice Act for obtaining a license to practice medicine bear a direct, substantial and reasonable relation to the practice of medicine, including the practice of the healing art which plaintiffs call "naturopathy".

3) The Texas Medical Practice Act, as administered, does not discriminate

against the plaintiffs nor violate any of their Constitutional or legal rights.

Accordingly, the Court concludes that:

1) The Texas Medical Practice Act, as interpreted and enforced by the courts of Texas is not unreasonable, discriminatory nor unconstitutional in its operative effect when applied to the plaintiffs as so-called "naturopathic physicians";

2) The Texas Medical Practice Act, as administered, does not violate the Constitution of the United States, the Constitution of the State of Texas, the antitrust laws of the United States, the Civil Rights laws of the United States, nor any other laws of the United States or of the State of Texas;

3) Plaintiffs are not entitled to any relief in this action, and this action must be dismissed on the merits, with taxable costs allowed to the defendants.