**Dr. William R. BECK, Plaintiff,**

v.

**Daniel R. McLEOD, Attorney General of
the State of South Carolina,
Defendant.**

**Civ. A. No. 7972.**

United States District Court
E. D. South Carolina,
Charleston Division.

April 26, 1965.

Samuel C. Craven, Charleston, S. C., for plaintiff.

Daniel R. McLeod, Atty. Gen., of South Carolina, Everett N. Brandon, Asst. Atty. Gen., of South Carolina, for defendant.

Before HAYNSWORTH, Circuit Judge, and HEMPHILL and SIMONS, District Judges.

PER CURIAM:

Plaintiff seeks an injunction against the enforcement of the statute of South Carolina proscribing the practice of naturopathy in that State unless the practitioner has met requirements substantially equivalent to those of ordinary physicians and has passed the examination requisite for the licensing of medical doctors.[1] The attack is based upon the due process clause of the Fourteenth Amendment.

Shortly after the passage of the Act which is now before us, an association of Naturopaths, who had earlier practiced their calling in the State of South Carolina, brought an action in the state court seeking to enjoin enforcement of the statute. There, state grounds were relied upon in addition to the constitutional contention now urged before us. The Supreme Court of South Carolina held the statute unassailable on either state or federal grounds[2], and the United States Supreme Court dismissed the appeal for want of a substantial federal question.[3]

The effect of the Supreme Court's dismissal of the appeal from the Supreme Court of South Carolina, on the ground that there was no substantial federal

1. South Carolina Code, §§ 56-901 and 56-357.1. Some of the requirements may actually exceed those applicable to ordinary physicians. Such circumstances are not relevant here, however, for the plaintiff can meet none of the requirements which must be met by applicants for ordinary physicians' licenses. If he could, he would be entitled to a regular physician's license.

2. Dantzler v. Callison, 230 S.C. 75, 94 S.E. 2d 177.

3. Dantzler v. Callison, 352 U.S. 939, 77 S.Ct. 263, 1 L.Ed.2d 235.

question, was tantamount to an adjudication upon the merits.[4] As such, it substantially forecloses the question here.

A number of other cases strongly indicate that the statute has no constitutional infirmity.[5]

Complaint dismissed.

---

4. Wright on Federal Courts (1963 Ed.) p. 431. See also Stern & Gressman, Supreme Court Practice (3rd Ed. 1962), p. 164, citing Barton v. Sentner, 353 U.S. 963, 77 S.Ct. 1047, 1 L.Ed.2d 901, where it is noted that "[t]he court is, however, deciding a case on the merits, when it dismisses for want of a *substantial* question, or affirms summarily."

5. Hitchcock v. Collenberg, D.C., 140 F. Supp. 894, Aff. 353 U.S. 919, 77 S.Ct. 679, 1 L.Ed.2d 718; Stuart v. Wilson, D.C., 211 F.Supp. 700, Aff., 371 U.S. 576, 83 S.Ct. 547, 9 L.Ed.2d 537; Dent v. State of West Virginia, (1889), 129 U. S. 114, 9 S.Ct. 231, 32 L.Ed. 623; Douglas v. Noble (1923), 261 U.S. 165, 43 S.Ct. 303, 67 L.Ed. 590; Graves v. State of Minnesota (1926), 272 U.S. 425, 47 S.Ct. 122, 71 L.Ed. 331; and Williamson, Attorney General v. Lee Optical Co. of Oklahoma, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563.