WHITNEY STORES, INC., and Robert H. Johnson, Plaintiffs,

v.

T. Kenneth SUMMERFORD, Solicitor for the Twelfth Judicial Circuit of the State of South Carolina, E. A. McLeod, Sheriff of Florence County, and T. E. Rogers, Jr., Magistrate, Defendants,

and

Belk's Department Store of Camden, South Carolina, Inc., Collins Department Stores, Inc., and South Carolina Retail Council, Inc., Intervenor-Defendants.

Civ. A. No. 67–771.

United States District Court
D. South Carolina,
Florence Division.

Argued Jan. 23, 1968.

Decided Feb. 12, 1968.

Eugene N. Zeigler, Florence, S. C., for plaintiffs.

Daniel R. McLeod, Atty. Gen., State of South Carolina, and Everett N. Brandon, Asst. Atty. Gen., State of South Carolina, Columbia, S. C., for defendants.

David M. McConnell, Charlotte, N. C., and David W. Robinson, II, Columbia, S. C., for intervenor-defendants.

Before HAYNSWORTH, Circuit Judge, and HEMPHILL and RUSSELL, District Judges.

HEMPHILL, District Judge.

Plaintiffs,[1] insisting that Sections 64–2 through 64–2.5 [2] of the South Carolina Code of Laws, as amended, are unconstitutional, ask a declaratory judgment of such in this court. They further seek judgment that a pattern of discriminatory enforcement exists, and position that the unconstitutional application and enforcement invite and deserve injunctive relief. As to plaintiffs' contentions of the unconstitutionality of the statutes, in themselves, this court does not agree. The district court will examine the facts bearing on discriminatory enforcement.

Complaint initiating this action was filed on October 26, 1967. Plaintiffs pitched on three allegedly separate and distinct causes of actions revolving around the South Carolina closing law [3]

1. Johnson is an administrative employee of Whitney Stores, Inc.

2. Commonly designated "Sunday Blue Laws."

3. S.C.Code Ann. § 64–1 et seq. (1962) is as follows: § 64–1. Public sports prohibited on Sunday; exception. § 64–1.1. Same; Dillon County exempted.—Notwithstanding any other provision of law to the contrary, Dillon County shall be exempt from the provisions of § 64–1, which prohibits certain public sports on Sunday. (1963 (53) 154.)

§ 64–2. Unlawful to work on Sunday. —On the first day of the week, commonly called Sunday, it shall be unlawful for any person to engage in worldly work, labor, business of his ordinary calling or the selling or offering to sell, publicly or privately or by telephone, at retail or at wholesale to the consumer any goods, wares or merchandise or to employ others to engage in work, labor, business or selling or offering to sell any goods, wares or merchandise, excepting work of necessity or charity. (1952 Code § 64–2; 1942 Code § 1732; 1932 Code § 1732; Cr.C. '22 § 713; Cr.C. '12 § 698; Cr.C. '02 § 500; G.S.1631; R.S. 385; 1691 (2) 69; 1712 (2) 396; 1962 (52) 2134.)

§ 64–2.1. Exceptions to § 64–2.—Section 64–2 shall not apply to the following: The operation of radio or television stations nor to the publication and distribution of newspapers, nor to the sale of newspapers, books and magazines; nor to the sale or delivery of heating, cooling, refrigerating or motor fuels, oils or gases or the installation of repair parts or accessories for immediate use in connection with motor vehicles, boats, aircrafts or heating, cooling or re-

more commonly referred to as the "Blue Laws."

frigerating systems; nor to transportation by air, land or water of persons or property; nor to public utilities or sales usual or incidental thereto; nor to the operation of public lodging or eating places (including food caterers) nor to the sale of emergency food needs at open air markets and grocery stores which do not employ more than three persons including the owners or proprietors at any one time; nor to the sale of drugs, medicines, surgical or medical aids, supplies and equipment, or to the sale of cosmetics, toilet articles, or personal health or hygiene supplies and aids; nor to the sale of flowers, plants, seeds and shrubs; nor to the sale of prepared tobaccos, soft drinks, confections, ice creams, ices, novelties, souvenirs, fish bait or swimwear, nor to any farming operations necessary for the preservation of agricultural commodities. (1962 (52) 2134.)

§ 64-2.2. Sale of certain items on Sunday prohibited.—The sale or offer to sell of the following items on Sunday is prohibited: Clothing and clothing accessories (except those which qualify as swimwear, novelties or souvenirs); housewares, china, glassware and kitchenware; home, business and office furnishings and appliances; tools, paints, hardware, building supplies and lumber; jewelry, silverware, watches, clocks, cameras (but not including films, batteries and flashbulbs); luggage, musical instruments, recorders, recordings, radios, television sets, phonographs, record players or so-called hi-fi or stereo sets or equipment; sporting goods (except when sold on premises where sporting events and recreational facilities are permitted); yard or piece goods; automobiles, trucks and trailers. No inference shall arise from the foregoing enumeration that either the sale or the offering for sale on Sunday of items or articles not mentioned is permitted. (1962 (52) 2134.)

§ 64-2.3. Penalties for violation of § 64-2.—A violation of any of the provisions of § 64-2 shall be punished by a fine of not less than fifty dollars nor more than two hundred fifty dollars in the case of the first offense, and by a fine of not less than one hundred dollars nor more than five hundred dollars for each and every subsequent offense. Each separate sale, offer or attempt to sell on Sunday, and each Sunday a person is engaged in other work, labor or business in violation of § 64-2, or employs others to be so engaged, shall constitute a separate offense. (1962 (52) 2134.)

In their first cause of action plaintiffs seek an injunction *pendente lite* and

§ 64-2.4. Sunday work declared nuisance; injunction; time off to attend church.—The doing of any worldly work or labor, business of his ordinary calling, or the selling or offering for sale of any goods, wares or merchandise contrary to § 64-2 is declared to be a public nuisance and any State, county or municipal law-enforcement officer may apply to any court of competent jurisdiction for and may obtain an injunction restraining such operation, work, labor, sale or offering for sale. PROVIDED, that an employee in a retail store where there are more than three employees shall upon request of said employee be granted time off to attend service allowing one hour for preparing to go and traveling to church and one hour after service for returning therefrom. (1962 (52) 2134.)

§ 64-2.5. Sections 64-2 to 64-2.4 not to affect certain businesses. The provisions of §§ 64-2 to 64-2.4 shall not be applicable to or affect the carrying on of any business or the rendering of any service which was lawful on April 7, 1962. (1962 (52) 2134.)

§ 64-4. Employment in textile plants on Sunday.

§ 64-5. Employment of children or women in mercantile or manufacturing establishments on Sunday.

§ 64-6. Exceptions for manufacturing plants requiring continuous operation.—The provisions of §§ 64-2 through 64-5 shall not apply to manufacturing establishments or employees thereof when such establishments in the nature of their business involve manufacturing processes requiring, of necessity, for a normal production schedule continuous and uninterrupted operation. In such industries a work week in excess of forty hours and a workday in excess of eight hours shall not be permissible except when the provisions of the Fair Labor Standards Act are complied with. The exemption herein provided shall not apply to or affect cotton, woolen, or worsted manufacturing, finishing, dyeing, printing or processing plants and such plants and industries shall be controlled by § 64-4. (1952 Code § 64-6; 1950 (46) 2260; 1966 (54) 2182.)

§ 64-7. Manufacturing of bakery products defined.—For the purpose of this chapter, the *"manufacturing of bakery products"* is defined as being a chemical manufacturing process requiring continuous, uninterrupted operation. (1963 (53) 165.)

permanently. They assert that the defendants have subjected Whitney's employees to arrest and harassment; and that at the same time violations and enforcement have been overlooked against the competitors of the plaintiffs. Such action, plaintiffs claim, violate the equal protection of the laws clause of the Fourteenth Amendment to the Constitution of the United States of America. In the second cause of action, relief is sought on grounds that the Sunday closing laws are unconstitutional because the language is too vague and indefinite; further, that the fines for violations are so severe as to constitute cruel and unusual punishment, in violation of the Eighth and Fourteenth Amendments. A third cause of action seeks to enjoin alleged discriminatory enforcement as in violation of Civil Rights statute 1983[4] of Title 42, U.S.Code, and the Fourteenth Amendment.

Defendants Kenneth Summerford and others entered a general denial, pled the doctrine of abstention and alleged the plaintiff was not properly constituted to do business in this state. On January 12, 1968 Belk's Department Store of Camden, South Carolina, Inc., Collins Department Store, Inc., and South Carolina Retail Council, Inc. were allowed to intervene as defendants. They pled, additionally, that if § 64–2.1 and 64–2.2 are unconstitutional they are separable and not essential to the regulatory scheme prohibiting conduct of business on Sunday.

A temporary restraining order of October 26, 1967 was continued until the entire matter, including permanent injunctive relief, could be heard by a proper tribunal. A three-judge panel was then designated by Chief Judge Clement F. Haynsworth, Jr., of the United States

Fourth Circuit Court of Appeals, in accordance with 28 U.S.C.A. § 2284. Arguments were scheduled for Greenville, South Carolina.

We first consider jurisdiction. Plaintiffs assert jurisdiction on grounds that the South Carolina Blue Laws are unconstitutional because of vagueness in classification of goods which can legally be sold on Sunday and vagueness of the statutory terms "souvenirs and novelties."[5] Plaintiffs also contend that the statutory provisions "works of necessity"[6] are unconstitutionally vague and indefinite.

The statute requiring decision of a three-judge district court is to be strictly and narrowly construed, Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800, and it is elementary that the statute comes into play only when an injunction is brought to enjoin the enforcement of an unconstitutionally drawn statute. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512. Once a three-judge court panel has determined that no substantial federal question is involved the three-judge panel no longer has jurisdiction. Two Guys from Harrison-Allentown, Inc. v. McGinley, 179 F.Supp. 944 aff'd 366 U.S. 582, 81 S.Ct. 1135, 6 L.Ed.2d 551 (D.C. E.D.Pa.1959).

Soon after the passage of the act in question, a prosecution in another but similar case was commenced. A conviction was secured, and the case was appealed to the Supreme Court of South Carolina, which affirmed, State v. Solomon, 245 S.C. 550, 141 S.E.2d 818, 14 A.L.R.3d 1277, primarily on the basis of McGowan v. State of Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); Two Guys from Harrison-Allentown,

---

4. The language of 42 U.S.C.A. § 1983 is as follows:
    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privi-

leges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

5. S.C.Code Ann. § 64–2.1, supra.

6. S.C.Code 64.2.

Inc. v. McGinley, 366 U.S. 582, 81 S.Ct. 1135, 6 L.Ed.2d 551 (1961); Braunfeld v. Brown, 366 U.S. 599, 81 S.Ct. 1144, 6 L.Ed.2d 563 (1961); and Gallagher v. Crown Kosher Super Mkt., 366 U.S. 617, 81 S.Ct. 1122, 6 L.Ed.2d 536 (1961). An appeal to the Supreme Court of the United States was dismissed, Solomon v. South Carolina, 382 U.S. 204, 86 S.Ct. 396, 15 L.Ed.2d 270, for want of a substantial federal question.

■ The decision of the Supreme Court of South Carolina held the act to be unassailable on state or federal grounds, and specifically held it not to be in violation of the due process or the equal protection clauses of the Fourteenth Amendment. The effect of the Supreme Court's dismissal of the appeal from the Supreme Court of South Carolina, on the ground that there was no substantial federal question, was tantamount to an adjudication upon the merits. Beck v. McLeod, 240 F.Supp. 708 (D.C.S.C.1965), judgment affirmed, 382 U.S. 454, 86 S.Ct. 645, 15 L.Ed.2d 522. As such, it substantially forecloses the question here of due process or equal protection.

Specifically, the court held that the term "work of necessity" [7] met the constitutional standards. The court further held that "necessity" is necessarily an elastic term because of various factors which must be considered in determining the question. The court held that "work of necessity" * * * "means labor reasonably necessary for the worker to perform to save himself from unforeseen or irreparable injury or loss or necessary for the welfare of community in which he resides, viewed in the light of the facts and circumstances existing at that time. It does not mean that which is indispensable, but it means something more than that which is merely needful or desirable." [8] Solomon, supra, 141 S.E.2d at 829.

The problem of defining "novelties and souvenirs" [9] has also been settled. The South Carolina court stated that " '[n]ovelties' and 'souvenirs' are terms of common usage in the business world and business people of ordinary intelligence in the position of the defendant would be able to know what exceptions are meant by the terms, either as a matter of ordinary commercial knowledge or upon reasonable investigation. Under such circumstances there is no need to guess at the statutes meaning in order to determine what conduct it makes criminal."

Plaintiffs seek to avoid the mandate of this decision by stating that the factual basis was not sufficiently developed in the *Solomon* case, supra, to formulate a proper definition of the alleged vague terms of the statute. They contend that there has been a further factual development and since the definition of the terms is necessarily a factual matter the South Carolina Supreme Court did not have, at the time it decided the *Solomon* case, supra, a sufficient factual basis on which to base its decision.

■ While this three-judge court is not bound by a state court decision that a state statute is constitutional, Goesaert v. Cleary, 74 F.Supp. 735 (D.C. Mich.1947) aff'd 334 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163, the Supreme Court's dismissal of the appeal in *Solomon* because it was found to present no substantial federal question is a decision on the merits by the Supreme Court of the United States, which is binding upon us. Beck v. McLeod, supra. That adjudication forecloses any contention that the South Carolina statute is so facially vague or indefinite as to make it constitutionally infirm. The record in this case does not alter that view. The attack is centered upon the terms "novelties" and "souvenirs," but the showing here

---

7. S.C.Code 64.2.

8. The plaintiff argued that goods of necessity was a subjective test and what was necessary for one person may not be necessary for another making the

statute vague. It must be noted, however, that the statute does not talk of goods of necessity but of *works of necessity*. [Emphasis added.]

9. S.C.Code Ann. 64–2.1, supra.

is entirely consistent with the assumptions in *Solomon*. Each is a term familiar to merchants and employed by them to describe recognizable classifications of goods. While there may be some peripheral questions as to the outer reach of either term, they are the terms of the trade, and there is no hint of a suggestion that either term could embrace the great variety of wearing apparel and most of the other hard and soft goods which the plaintiffs offer for sale in their store, the sale of which is economically essential to their Sunday operation.

■ Plaintiffs attack the penalty imposed in Section 64–2.3 as constituting cruel and unusual punishment and therefore being unconstitutional under the Eighth Amendment to the Constitution of the United States. While it is recognized that fines may constitute cruel and unusual punishment within the prohibition of the Eighth Amendment, United States v. Schechter, 8 F.Supp. 136 (E.D. N.Y.1934); Oak Mfg. Co. v. United States, 193 F.Supp. 514 (N.D.Ill.1961); O'Malley v. United States, 227 F.2d 332, cert. den. 350 U.S. 966, 76 S.Ct. 434, 100 L.Ed. 838, this statutory fine clearly does not fall within the prohibition. A substantial fine is necessary in situations of this nature in order to prevent businesses from operating at a large profit and paying a small fine. It makes no difference that repeated violations result in higher fines; such would be the fault of the owner of the business, not of the statute. The plaintiffs' challenge on these grounds is patently without merit.

■ Having reached the conclusion that no substantial federal question as to the constitutionality of the Blue Laws exists here, we survey the issue of discriminatory enforcement or application. If substantial issues of fact were present in the record, or more testimony were desired or offered, this court would resolve itself into a court of one judge to make the necessary determinations thereon. Two Guys from Harrison-Allentown, Inc. v. McGinley, 266 F.2d 427, 432 (3rd Cir.1959); Gully v. Interstate Natural Gas, 292 U.S. 16, 54 S.Ct. 565, 78 L.Ed. 1088, Nelson v. Jessup, 134 F. Supp. 218 (D.C.S.D.Ind.1955); Farmers Gin Co. v. Hayes, 54 F.Supp. 43 (D.C. W.D.Okla.1943). Such collateral matters are, under stated circumstances, properly relinquished to the district judge to whom original petition was presented in this case. Miller v. Smith, 236 F.Supp. 927 (E.D.Pa.1965); Ford v. Atty. Gen'l of Pa., 184 F.Supp. 129 aff'd 364 U.S. 291, 81 S.Ct. 65, 5 L.Ed. 39 (E.D.Pa.1960).

■ Our examination of the record reveals no case of discriminatory enforcement. Solicitor Summerford testified he had brought to his attention two violations of the Sunday Blue Laws, that of plaintiffs and that of Eckerd's Drug Store. He had Sheriff McLeod check both complaints: the Sheriff found no violations at Eckerd's. There is no evidence both were not subjected to the same surveillance. There is insufficient evidence in the record to support the charge of discriminatory application.

■ Plaintiffs further claim a denial of equal protection of the laws under the Fourteenth Amendment to the Constitution, and seek shelter under the protective umbrella of 42 U.S.C. § 1983. The record here warrants no such conclusion on our part. To show that unequal administration of a state statute offends the equal protection clause one must show an intentional or purposeful discrimination. Snowden v. Hughes, 321 U.S. 1, 8; 64 S.Ct. 397, 88 L.Ed. 497 (1944).[6] The testimony in this case fails to show the necessary intent or purpose in the enforcement of the Blue Laws as to plaintiffs.

Insofar as this court is concerned the temporary injunction/restraining order

6. See also Moss v. Hornig (2nd Cir. 1963) 314 F.2d 89; Oyler v. Boles, 368 U.S. 448, 456, 82 S.Ct. 501, 505, 7 L.Ed.2d 446 (1962).

heretofore issued is dissolved. The issues pending before this panel are dissolved and the cause dismissed.

The Clerk will enter judgment accordingly.