QUERY et al. v. UNITED STATES et al.

No. 4810.

Circuit Court of Appeals, Fourth Circuit.

June 27, 1941.

Before SOPER, DOBIE, and NORTH-COTT, Circuit Judges.

Claude K. Wingate, of Columbia, S. C. (John M. Daniel, Atty. Gen. of South Carolina, on the brief), for appellants.

Berryman Green, Sp. Asst. to Atty. Gen., and Louis M. Shimel, Asst. U. S. Atty., of Charleston, S. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Sp.Asst. to Atty. Gen., and Claud N. Sapp, U. S. Atty., of Columbia, S. C., on the brief), for appellees.

PER CURIAM.

The District Judge in this case decided that the sales taxes imposed by Act No. 574 of the Acts of 1928 of the General Assembly of the State of South Carolina, 35 St. at Large, p. 1089, are not applicable to the activities of the United States Army Post Exchange at Fort Jackson, Richmond County, South Carolina. The Act of Congress of October 9, 1940, Public No. 819, 76 Congress, 3d Session, 54 Stat. 1060, provided that no person shall be relieved from liability for any sales or use tax levied by any State on the ground that the sale or use occurred in whole or in part within a federal area; but the United States and any instrumentality thereof are expressly excepted from the provisions of the Act. The District Judge held that the post exchange at Fort Jackson is such an instrumentality. The action was brought by the United States and certain officers of the United States Army against the members of the South Carolina Tax Commission, and was heard by a three judge court organized for the purpose. The conclusion was subsequently reached, as appears from the opinion of Judge Lumpkin, D.C., 37 F.Supp. 972, that the three judge court was without jurisdiction because no attack was made upon the constitutionality of the State statute or the orders of the State taxing authorities, and that nothing was involved in the case but the determination of the question whether the post exchange is an instrumentality of the United States. It was therefore held that the District Judge had exclusive jurisdiction to pass upon the case and the judgment for the plaintiffs was issued as his act. The judges who sat with Judge Lumpkin concurred in his opinion. We are in accord with the conclusions reached upon the question of jurisdiction, and upon the merits of the controversy; and the judgment is therefore affirmed upon the opinion of the District Judge.

Affirmed.