QUERY ᴇᴛ ᴀʟ., CONSTITUTING THE SOUTH CARO-
LINA TAX COMMISSION, *v.* UNITED STATES
ᴇᴛ ᴀʟ.

No. 619. Argued May 5, 1942.—Decided June 1, 1942.

*Mr. Claude K. Wingate,* with whom *Mr. John M. Daniel*
was on the brief, for petitioners.

*Assistant Attorney General Clark,* with whom *Solicitor
General Fahy, Judge Advocate General Myron C. Cramer,*
and *Messrs. Sewall Key, Arnold Raum,* and *Alvin J. Rock-
well* were on the brief, for respondents.

MR. JUSTICE BLACK delivered the opinion of the Court.

A statute of South Carolina imposes a license tax for the privilege of selling tobacco products, playing cards, soft drinks, and other enumerated articles.[1] The United States and two Army officers brought this suit against the members of the South Carolina Tax Commission to enjoin enforcement of this statute with respect to activities of United States Army Post Exchanges located within the state. The bill alleged that post exchanges are instrumentalities of the United States, operating as voluntary unincorporated organizations under the direction and supervision of the United States Army and in accordance with rules and regulations promulgated by the Secretary of War; that the respondents had ordered that the tax be applied to the purchase and sale of commodities by the exchanges; that enforcement would inflict immediate and irreparable damage for which the complainants were without any plain, speedy, and efficient remedy in the courts of South Carolina; that the Congressional consent given by a recent federal statute (54 Stat. 1059) for the imposition of certain kinds of state taxes within "federal areas" did not extend to the imposition of taxes on the purchases and sales of commodities by post exchanges; and that the threatened application of the South Carolina statute would interfere with the activities of the United States Government and would be repugnant to the Constitution of the United States. The respondents' answer admitted the threatened enforcement and the absence of remedy in the South Carolina courts, but denied that post exchanges are instrumentalities of the United States and that application of the statute to them would be repugnant to the United States Constitution. With respect to the federal statute

---

[1] Code of Laws of South Carolina (1932) Vol. II, §§ 2527–2557.

referred to in the complaint, the answer stated: ". . . no consent of Congress is necessary to permit the State to levy its lawful tax . . . , the territorial immunity having been removed by Public Act No. 819, 76th Congress."

A Federal District Court of three judges, satisfying the requirements of § 266 of the Judicial Code,[2] heard the case and granted the injunction sought by the complainants. 37 F. Supp. 972. The opinion accompanying the decree stated, however, that the three judges were of the view that a district judge alone had exclusive jurisdiction to pass upon the case; and that the decree should therefore be considered "not as the decree of a three-judge court, but as his decree, from which appeal lies to the Circuit Court of Appeals and not to the Supreme Court." Nevertheless, all three judges signed the decree "so that in the event it should hereafter be determined that the case was one for three judges under the statute, an appropriate decree will have been entered." 37 F. Supp. 972, 977. The Circuit Court of Appeals, of the same view on the question of jurisdiction, granted an appeal and affirmed. 121 F. 2d 631.

If no more than a question of construction of a federal statute had been involved, there would have been no necessity for a three-judge court pursuant to § 266. *Ex*

---

[2] 28 U. S. C. § 380. This section provides in part: "No interlocutory injunction suspending or restraining the enforcement, operation, or execution of any statute of a State by restraining the action of any officer of such State in the enforcement or execution of such statute . . . shall be issued or granted . . . unless the application for the same shall be presented to . . . and shall be heard and determined by three judges, of whom at least one shall be a justice of the Supreme Court or a circuit judge, and the other two may be either circuit or district judges, and unless a majority of said three judges shall concur in granting such application. . . . An appeal may be taken direct to the Supreme Court of the United States from the order granting or denying . . . an interlocutory injunction in such case."

*parte Buder,* 271 U. S. 461, 466–467. As a basis for its conclusion that a court of one District Judge was the appropriate forum here, the District Court stated that the "question involved is whether under the provisions of Public Act No. 819, 76th Cong., 3d Sess., . . . the taxes imposed by . . . the State Statute, are applicable to and collectible from the United States Army Post Exchange at Fort Jackson, Richland County, South Carolina." [3] And both courts below thought that disposition of the case required only a determination of the status of post exchanges within the meaning of the federal statute. 37 F. Supp. 972, 973, 977; 121 F. 2d 631, 632. But the complainants sought to restrain the state officers from enforcing the state statute upon the ground of the unconstitutionality of the threatened application. Not only was unconstitutionality the ground asserted by the complaints for the relief sought, but it appears that the relief awarded was predicated on the same ground. Cf. *Wilentz* v. *Sovereign Camp,* 306 U. S. 573, 576.

For the federal Act, so far as here relevant, merely declares that "no person shall be relieved from liability" for certain state taxes "on the ground that the sale or use, with respect to which such tax is levied, occurred in whole or in part within a federal area." A proviso adds that the "Act shall not be deemed to authorize the levy or collection of any tax on or from the United States or any instrumentality thereof." The complainants, assert-

---

[3] There was a stipulation between the parties that if the complainants should prevail with respect to the post exchanges at Fort Jackson, the relief granted should be applicable to certain other post exchanges, ships' stores, and officers' clubs. Both courts below proceeded on the assumption, which we accept here, that all of these organizations were located in "federal areas." To this extent, if any, that this assumption is incorrect, Public Act No. 819 (54 Stat. 1059) has no relevance whatsoever.

ing that the post exchange is a federal instrumentality to which the statutory consent does not apply, rest their entire case upon a non-statutory ground: the immunity from state taxation which they contend must be given, under the Constitution, to the post exchange as an instrumentality of the United States. And notwithstanding its assertion that only the meaning of the federal statute was involved, the District Court nevertheless found it necessary to include in the opinion accompanying the decree a statement that the threats and attempts to enforce the state statute "constitute an interference with the activities of the United States, and are unconstitutional."

Here a substantial charge has been made that a state statute, as applied to the complainants, violates the Constitution. Under such circumstances, we have held that relief in the form of an injunction can be afforded only by a three-judge court pursuant to § 266. *Stratton* v. *St. Louis S. W. Ry. Co.*, 282 U. S. 10; *Ex parte Bransford*, 310 U. S. 354, 361. And this is not, like *Phillips* v. *United States*, 312 U. S. 246, a case in which the state officials threatened to engage in conduct which state law could not reasonably be construed to authorize. The complainants in this case sought interlocutory and permanent injunctions against "the enforcement, operation, or execution" of a "statute of a State"; they sought to restrain the action of officers "of such State in the enforcement or execution of such statute"; and their attack was based entirely "upon the ground of the unconstitutionality of such statute."

Since there was such complete satisfaction of the conditions which make § 266 applicable, the cause was a proper one for a three-judge court and appeal did not lie to the Circuit Court of Appeals. But a direction by us to the Circuit Court of Appeals to dismiss the appeal

which the petitioners brought to it would, without more, terminate the litigation. For the time within which a direct appeal might have been brought to this Court under § 266 has elapsed. In the present circumstances, however, we think the petitioners' right to such an appeal should be preserved. *Cf. Phillips* v. *United States, supra,* 254. The judgment below is therefore vacated and the cause remanded to the District Court for the entry of a fresh decree, from which a timely appeal may be taken if the petitioners so desire.

<div align="right">

*It is so ordered.*