FARMERS' GIN CO. v. HAYES, State Director, Office of Price Administration of Oklahoma.

BROWN, Price Administrator of Office of Price Administration, v. FARMERS' GIN CO. et al.

Civ. No. 1296.

District Court, W. D. Oklahoma.
Dec. 20, 1943.

See also 54 F.Supp. 47.

James F. Hatcher, of Chickasha, Okl., for plaintiff Garmers' Gin Co.

O. K. Wetzel and O. B. Martin, both of Oklahoma City, Okl., and A. M. Dreyer and George Austin, both of Washington, D. C., for defendants Rex A. Hayes and Prentiss M. Brown.

Floyd Green and S. H. King, both of Oklahoma City, Okl., for intervener Oklahoma Corporation Commission.

Clarence McElroy, of Chickasha, Okl., for Chickasha Cotton Oil Co.

W. A. Lybrand, of Oklahoma City, Okl., for various other intervening cotton oil mill companies.

Before MURRAH, Circuit Judge, and VAUGHT and CHANDLER, District Judges.

MURRAH, Circuit Judge.

The first question presented for decision is whether this case is one cognizable by a three judge court under Section 266, Jud. Code, 28 U.S.C.A. § 380, and the question is squarely presented by the following pertinent facts which appear upon the face of the pleadings.

On August 11, 1943, in pursuance of authority granted by Section 2 of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 902, Pub. 421, 77th Congress, the Price Administrator by regulatory order No. 211 fixed cotton ginning rates applicable to the State of Oklahoma at 27½¢ per cwt. for picked cotton, 30¼¢ per cwt. for snapped cotton, and $1.85 per pattern for bagging and ties, and forbade the ginners to charge in excess thereof.[1] Thereafter, on August 16, 1943, the Corporation Commission of the State of Oklahoma, acting in pursuance of state constitutional and statutory authority, Art. 9, Sec. 19, Constitution of Oklahoma, 17 O.S.A. 41–46, promulgated its order No. 16558, in which it fixed the rates to be charged for cotton ginning in Oklahoma at 30¢ per cwt. for picked cotton, 35¢ per cwt. for snapped cotton, and $2 per pattern for bagging and ties.

The Farmers' Gin Company, a corporation operating gins in Oklahoma, brought this suit to enjoin the District Price Director of the Office of Price Administration from enforcing the maximum price regulations provided in regulatory order No. 211,[2] on the grounds and for the reason that the cotton gins in Oklahoma are public utilities,[3] and the Emergency Price Control Act is expressly made inapplicable to rates of public utilities by Section 302(c) (2) of the Act, 50 U.S.C.A.Appendix § 942(c) (2), hence the rates charged for ginning services in Oklahoma are not subject to regula-

tion or control by the Office of Price Administration. By timely motion to dismiss, the District Price Director challenged the jurisdiction of this court to determine the question on the grounds that Section 204 (d) of the Act, 50 U.S.C.A.Appendix § 924d, expressly deprived the United States district court of jurisdiction to determine the validity of any maximum price fixing order or regulation, but conferred exclusive jurisdiction upon the emergency court of appeals created by the Act.

While the motion of the District Director was pending and undetermined, the National Price Administrator of the Office of Price Administration was allowed to intervene. The Corporation Commission, the Oklahoma Cotton Ginners Association, as representative of a class, and other ginning companies operating in Oklahoma, were made parties defendant to the intervention. The petition of intervention alleged the price order of August 16th; and contended that the order of the Corporation Commission fixing the rates to be charged for ginning service was invalid under the Supremacy Clause of the Constitution of the United States, Art. 6, Clause 2, because in conflict with the maximum prices for the same services established by the Office of Price Administration in Regulation No. 211, as amended. The petition prayed for an interlocutory and final injunction enjoining the Commission and its members from enforcing the Commission's order insofar as it conflicts with the order of the Price Administrator. The ginners filed a counterclaim to the petition in intervention in which they sought an injunction against the enforcement of the price regulation, all as alleged in their original complaint, and the Price Administrator moved to dismiss the counterclaim on the grounds that the court had no jurisdiction to entertain it under Section 204(d) as alleged in its original motion to dismiss. The Corporation Commission moved to dismiss the Administrator's petition on substantially the same grounds asserted in the motions of the ginning companies. The Price Administrator made application for a hearing on its motion for an interlocutory injunction before a three

---

[1] By an amendment to the regulatory order No. 211, the prices were revised to provide for 30¢ per cwt. for picked cotton, and 32½¢ per cwt. for snapped cotton, but its prices are not involved.

[2] Federal jurisdiction is based upon allegations of requisite amount in controversy, and arising under the Constitution

or laws of the United States. Sec. 24 of the Judicial Code, 28 U.S.C.A. § 41.

[3] Chickasha Cotton Oil Co v. Cotton County Gin Co., 10 Cir., 40 F.2d 846, 74 A.L.R. 1070; Frost v. Corporation Commission, 278 U.S. 515, 49 S.Ct. 235, 73 L.Ed. 483.

judge court under Section 266. The application for a three judge court is based upon the allegation in the petition of intervention to the effect that the order of the Corporation Commission fixing and prescribing the rates for cotton ginning services in Oklahoma, is repugnant to and in violation of the Supremacy Clause of the Constitution of the United States, because the said order is in conflict with the orders of the Price Administrator while acting in pursuance of superior Federal law.

This court was convened in pursuance of Section 266, and this cause comes on for hearing on a motion of the Price Administrator for an interlocutory injunction, and on the countervailing jurisdictional motions of the ginners, the Corporation Commission, and Administrator. The ginners contend that this case is not cognizable by a three judge court under Section 266, because the Administrator does not seek an interlocutory injunction against the enforcement of a state statute, or an order of a board or commission in pursuance thereof, on the grounds of its unconstitutionality. Rather, it is insisted that the sole question involved here is the construction to be given a Federal statute; that if the statute is applicable, it is concededly supreme, and it prevails, consequently no constitutional question is involved.

■■ Section 266 applies only when the constitutionality of a state statute, or an administrative order in pursuance thereof is challenged, and an interlocutory injunction against the enforcement of the statute or order is sought in a Federal court. In re Buder, 271 U.S. 461, 463, 467, 46 S.Ct. 557, 70 L.Ed. 1036; Hobbs v. Pollock, 280 U.S. 168, 50 S.Ct. 83, 74 L.Ed. 353; Stratton v. St. Louis S. W. Ry., 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135. The statute is a technical enactment, and the jurisdiction conferred thereby is narrow and should be strictly construed. Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800.

■ It is thus clear that if no more than a construction of a Federal statute is involved, there is no necessity for a three judge court, and the merits of this suit must be adjudged by the conventional district court. If the Emergency Price Control Act of 1942 is applicable to the cotton ginning industry in Oklahoma, then the order of the Price Administrator is admittedly supreme, and the order of the Corporation Commission must yield to the superior law. Whether the Act is applicable turns on the construction and effect of Section 302(c) (2), which provides that nothing in the Act shall be construed to authorize the regulation of rates charged by public utilities. The Administrator contends that Congress did not thereby intend to exempt cotton gins from the provisions of the Act, while the Corporation Commission and the ginners insist that the Federal Act must be given that construction and effect. If it is decided that the Federal Act does have application, the Administrator is entitled to an injunction, which the Federal courts are authorized to grant.

■ The Federal law is supreme only because the Supremacy Clause of the Constitution of the United States gives superiority to valid Federal enactments over conflicting state statutes or orders in pursuance thereof, not because of the unconstitutionality of the state law which is adjudged to be in conflict. See Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249.

The Administrator relies upon Query v. United States, 316 U.S. 486, 62 S.Ct. 1122, 86 L.Ed. 1616. In that case, the question was whether a post exchange in a military area was subject to a license tax by the State of South Carolina. The State asserted the power to levy and collect the tax on the grounds that the post exchange was not a government instrumentality, consequently the state was specifically authorized to levy the tax by the provisions of Public Act No. 819, 54 Stat. 1059, 4 U.S.C.A. § 13, which (so far as material here) provided that no persons should be relieved of liability from certain state taxes on the grounds that the sale or use with respect to which the tax was levied occurred in whole or in part within a Federal area.

The United States and two army officers brought suit to enjoin the State Tax Commission from levying and collecting the tax, 'for the asserted reason that the tax constituted an unconstitutional interference with the activities of the United States Government. The trial court held the tax an unconstitutional interference with the activities of the United States Government, D.C., 37 F.Supp. 972, 975, but the court thought that in reality nothing was involved except the status of the post exchange within the meaning of a Federal statute; that the constitutionality of a state statute or order in pursuance thereof was not involved, since it was conceded that the state could not tax a government instrumentality. The district court concluded that the case

did not come within the requirements of Section 266, and the Circuit Court of Appeals affirmed. 4 Cir., 121 F.2d 631.

The Supreme Court of the United States, however, took a different view. While observing that if no more than a question of construction of a Federal statute had been involved, there would be no necessity for a three judge court, it held that the asserted immunity from taxation rested upon constitutional grounds, and not statutory grounds as held by the lower courts. Query v. United States, 316 U.S. 486, 490, 62 S.Ct. 1122, 86 L.Ed. 1616. In the Query case, the constitutionality of the state statute, as it was sought to be applied, depended in part upon the construction of a Federal act, but it was invalid because of its conflict with the Constitution, and not, as here, the Federal statute. True, the source of the power to declare the conflict and the supremacy of the Federal law is in the Federal Constitution, but the question to be decided is nevertheless one of Federal statutory construction. The Federal Constitution lurks in the background of this controversy, but it does not directly act upon the state statute or the order. "Even where the statute is attacked as unconstitutional, Section 266 is inapplicable unless the action complained of is directly attributable to the statute." Ex parte Bransford, supra, 310 U.S. page 361, 60 S.Ct. page 951, 84 L.Ed. 1249. Accordingly, we hold that the petition here does not present a proper case for a three judge court under Section 266. In conformity with the agreement in open court, this case is now submitted to the conventional district court for decision on the merits.