John L. Davis, Lexington, Ky., John L. Davis, Lexington, Ky., on brief, for appellant.

Neil Brooks, Washington, D. C., Neil Brooks, John C. Bagwell and Richard C. Johnson, U. S. Dept. of Agriculture, Washington, D. C., Claude P. Stephens, U. S. Atty., Lexington, Ky., on brief, for appellees.

Before SIMONS, Chief Judge, and HICKS and McALLISTER, Circuit Judges.

**LEE v. ROSEBERRY et al.**

No. 11486.

United States Court of Appeals
Sixth Circuit.

Dec. 2, 1952.

PER CURIAM.

When the above action was commenced, appellant sought an injunction against the members of the State Production and Mar-

keting Administration restraining the enforcement of certain provisions of the Agricultural Adjustment Act, as administered by such committee, as well as a review of the validity of a certain Burley tobacco acreage allotment, and a declaratory judgment determining her rights under the statute. Because of the injunctive relief sought, the Chief Judge of the circuit, in accordance with the provisions of Title 28 U.S.C.A. Sections 2282 and 2284, appointed a district court of three judges to hear and determine the proceeding. Upon the hearing and presentation of arguments, the three-judge court held that appellant, by the statute, was restricted to proceeding against the Review Committee provided for by the Act; that since, in the language of the statute, Title 7 U.S.C.A. Section 1367, "No court of the United States or of any State shall have jurisdiction to pass upon the legal validity of any such determination except in a proceeding under this Part", any other attempts to by-pass the statute through declaratory judgment proceedings and application for injunctive relief were not authorized. The court determined that the statute provided the exclusive method of attack on the validity of the allotment; that the jurisdiction of the district court in providing the forum was not its general jurisdiction but a limited one; and that, in such a special statutory proceeding, the constitutionality of the statute involved could be questioned and adjudicated. Accordingly, the three-judge court concluded that Title 28 U.S.C.A. Sections 2282 and 2284, under which such a court is designated, deals only with a proceeding in which an injunction is applied for to restrain the enforcement of an Act of Congress; and that the case before it, in its status at that time, was not of such a character. Although the validity of an Act of Congress was drawn into question, the court said there was no such application for an injunction as was the necessary prerequisite for a hearing before a statutory three-judge court. Accordingly, the three judges designated as the statutory court by the Chief Judge withdrew from the case, and directed that it proceed in the district court, independently of the provisions of Title 28 U.S.C.A. Sections 2282 and 2284. Lee v. Roseberry, D. C., 94 F.Supp. 324.

█ In the subsequent proceedings, the district court held that in reviewing the validity of appellant's tobacco acreage allotment, it was unnecessary to pass upon the constitutionality of the provisions of 7 U.S.C.A. Section 1312, the allotment statute in question, or the regulations issued thereunder, since appellant had failed to show she had suffered any legal injury from the enforcement of that statute. In addition, the district court held that the findings of the Review Committee with respect to the allotment in question were supported by substantial evidence. On a review of the record, we are in accord with the findings and conclusions of the district court.

On appeal, we are also asked, on various grounds, to reverse the order of the three-judge district court and direct it to pass upon the validity of the minimum allotment provisions in question. Furthermore, in seeking a reversal of such order, appellant submits that the court also erred in other particulars.

█ As to this aspect of the case, it is clear that an appeal lies directly to the Supreme Court from the decision of a statutory three-judge court, and the court of appeals is without jurisdiction of an appeal taken therefrom. Brucker v. Fisher, 6 Cir., 49 F.2d 759. See also Query v. United States, 316 U.S. 486, 62 S.Ct. 1122, 86 L.Ed. 1616.

In consideration of the foregoing, the judgment of the district court is affirmed.

Judge HICKS participated in the hearing and decision of this cause, but died before the opinion was prepared.