**ANDREW G. NELSON, Inc.**

v.

**Frank JESSUP, as Superintendent of State Police of the State of Indiana, et al.**

No. IP–55–C–26.

United States District Court
S. D. Indiana, Indianapolis Division.
June 16, 1955.

See also 134 F.Supp. 221

Gilliom & Gilliom, by Elbert R. Gilliom
Indianapolis, Ind., for plaintiff.

Edwin K. Steers, Atty. Gen. of Indiana, for defendant.

Before SWAIM, Circuit Judge, and STECKLER and HOLDER, District Judges.

PER CURIAM.

This cause came before a three-judge court, convened pursuant to 28 U.S.C. §§ 2281, 2284, for hearing on plaintiff's amended complaint and petition for a permanent injunction. The plaintiff is a contract carrier in interstate commerce and seeks to enjoin the defendants from causing the arrests of its drivers on the charge of operating over the highways of Indiana without authority from the Public Service Commission of Indiana on the ground that the action of the defendants contravenes the commerce clause of the Constitution and the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq. In answer to the complaint, the defendants, in substance, admit that they are causing the arrests of plaintiff's drivers on such charge but deny that their action is unlawful.

The defendants, at the commencement of the hearing, filed an amended motion to dismiss on the ground that the Court lacked jurisdiction of the subject matter of the action because: (1) there is no substantial federal question raised; (2) there is a cause pending before the Interstate Commerce Commission directly concerning plaintiff's asserted rights herein; (3) plaintiff has adequate remedies available to it; and (4) no irreparable injury has been shown. The Court reserved ruling on defendants' motion and proceeded to hear the evidence.

Inasmuch as the Court's jurisdiction has been questioned, we first turn our attention to that matter. Although three of the four grounds for dismissal are without merit and do not require discussion, we conclude, nevertheless, that the convening of the three-judge court was unnecessary. Section 2281 of Title 28 provides that "(a)n interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute * * * shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges * * *." Controversies which have arisen under this statute and its predecessor have received dichotomous treatment by the courts.

 The first division is said to exist where the attack upon the statute is that it directly violates some federal constitutional provision. In this situation Section 2281 is operative and a three-judge court is required. Query v. United States, 1942, 316 U.S. 486, 62 S. Ct. 1122, 86 L.Ed. 1616. The second division includes those cases where the objection to the statute is that the supremacy clause of the Constitution renders inoperative a state law which would otherwise be valid in the absence of congressional action. Case v. Bowles, 1945, 327 U.S. 92, 66 S.Ct. 438, 90 L.Ed. 552; Phillips v. United States, 1940, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800; Ex parte Bransford, 1940, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249. The cases falling within this latter division are properly heard by a single district judge. The United States Supreme Court in Ex parte Bransford, 1940, 310 U.S. 354, 361, 60 S.Ct. 947, 951, 84 L.Ed. 1249, stated this proposition as follows: "It is necessary to distinguish between a petition for injunction on the ground of the unconstitutionality of a statute as applied, which requires a three-judge court, and a petition which seeks an injunction on the ground of the unconstitutionality of the result obtained by the use of a statute which is not attacked as unconstitutional. The latter petition does not require a three-judge court. In such a case the attack is aimed at an allegedly erroneous administrative action. Until the complainant in the district court attacks the constitutionality of the statute, the case does not require the convening of a three-judge court, any more than if the complaint did not seek an in-

terlocutory injunction. * * * Jurisdiction, properly assumed, may be lost by the special court, when it appears that a prerequisite such as need for relief against state officers is lacking. Even where the statute is attacked as unconstitutional, Section 266 (§ 2281) is inapplicable unless the action complained of is directly attributable to the statute." Also see Pennsylvania Greyhound Lines v. Board of Public Utility Com'rs, D.C.1952, 107 F.Supp. 521.

■ The plaintiff alleges in rhetorical paragraph nine of its complaint, in substance, that the arrests of its drivers by state officers is based upon § 11 of the Indiana Motor Carrier Act, Burns' Ind.Stat.Ann. § 47–1221, making it unlawful to operate without a permit from the Public Service Commission. And in rhetorical paragraph ten of the complaint it is alleged that § 11 of the Indiana Act as interpreted and enforced contravenes the commerce clause of the Constitution, art. 1, § 8, cl. 3, and the Interstate Commerce Act. It is not alleged that the statute itself is unconstitutional. Nor does plaintiff pray for such a declaration. We conclude, therefore, that the allegations of plaintiff's complaint when viewed in light of the pronouncements of the Supreme Court do not require a three-judge court under 28 U.S.C. § 2281 in this case.

■■ This procedural problem, however, does not vitiate the proceedings had in this matter and the case may be concluded by the judge to whom it was originally assigned in the normal course as if the three-judge court had never been convened. See, Phillips v. United States, 1940, 312 U.S. 246, at page 254, 61 S.Ct. 480, 85 L.Ed. 800. The district court has jurisdiction under 28 U.S.C. § 1337. The defendants' amended motion to dismiss is overruled, and, henceforth this cause will be handled by the single judge to whom the case was originally assigned.