McWOOD CORPORATION, a corporation, Plaintiff,

v.

STATE CORPORATION COMMISSION OF NEW MEXICO and G. Y. Fails, Murray E. Morgan and Columbus Ferguson, Members of said Commission, Defendants,

and

Western Oil Transportation Company, Inc., LaMar Trucking, Inc., and New Mexico Tankers, Inc., Intervening Defendants.

Civ. A. No. 5820.

United States District Court
D. New Mexico.
Jan. 22, 1965.

**964**

Seth, Montgomery, Frederici & Andrews, Santa Fe, N. M., Burr & Cooley, Farmington, N. M., and Jack K. Currey, Abilene, Tex., for plaintiff.

Earl E. Hartley, Atty. Gen., Jerry Wertheim, Asst. Atty. Gen., and Wayne C. Wolf, Asst. Atty. Gen., Santa Fe., N. M., for defendants.

O. Russell Jones and James E. Snead, Santa Fe, N. M., for intervening de-

fendant Western Oil Transportation Co., Inc.

B. J. Baggett, Farmington, N. M., for intervening defendants LaMar Trucking, Inc., and New Mexico Tankers, Inc.

Before BREITENSTEIN, Circuit Judge, and DOYLE and BRATTON, District Judges.

PER CURIAM.

The plaintiff seeks to enjoin the enforcement of an order of the State Corporation Commission of New Mexico holding that plaintiff is in the business of transporting crude oil by motor vehicle for hire both in intrastate and interstate commerce and ordering it to cease and desist therefrom until it acquires lawful authority to engage in such activity. A three-judge district court was convened pursuant to 28 U.S.C. § 2281 and extensive testimony taken. At the conclusion of the hearing the court invited counsel to comment on the need for a three-judge court. The briefs of all parties insist that such a court is required.

Notwithstanding the position of the litigants, we believe that under Kesler v. Department of Public Safety of Utah, 369 U.S. 153, 82 S.Ct. 807, 7 L. Ed.2d 641 and like cases, we are charged with the responsibility of determining whether this is a proper case for convening a three-judge district court. The answer is not easy.[1]

Under § 2281 a three-judge court is necessary when an injunction is sought on the ground of federal unconstitutionality of a state statute.[2] In such situation legislative policy is at stake. The query is the effect of § 2281 when administrative action is in issue. Oklahoma Natural Gas Co. v. Russell, 261

---

[1] The dissenting opinion in the Kesler case says (369 U.S. 175, 82 S.Ct. 820): "When to convene a three-judge court has always been a troublesome problem of federal jurisdiction and a review of the cases involving that question illustrates the difficulties the lower federal courts have had in applying the principles formulated by this Court." See also 1A

Moore, Federal Practice, ¶0.205, pp. 2231–2242 (2d ed.); Wright, Federal Courts, § 50, p. 162.

[2] Florida Lime and Avocado Growers v. Jacobsen, 362 U.S. 73, 80, 80 S.Ct. 568, 4 L.Ed.2d 568; Query v. United States, 316 U.S. 486, 488, 489, 62 S.Ct. 1122, 86 L.Ed. 1616.

U.S. 290, 292, 43 S.Ct. 353, 67 L.Ed. 659, holds generally that administrative orders are within the section. In Ex parte Bransford, 310 U.S. 354, 361, 60 S.Ct. 947, 951, 84 L.Ed. 1249, the Supreme Court said that a three-judge court is not required when a complaint seeks an injunction on the ground of unconstitutionality of the result obtained by the use of a statute which is not attacked as unconstitutional because in such case "the attack is aimed at an allegedly erroneous administrative action." In Phillips v. United States, 312 U.S. 246, 252–253, 61 S.Ct. 480, 484, 85 L.Ed. 800, the Court said that "an attack on lawless exercise of authority in a particular case is not an attack upon the constitutionality of a statute conferring the authority," and that "the complainant must seek to forestall the demands of some general state policy, the validity of which he challenges." A substantial claim of unconstitutionality is necessary for the application of § 2281.[3] An agency determination which is primarily a finding of fact is not the kind of an order contemplated by that section.[4]

 In the case at bar the plaintiff does not argue that the New Mexico statutes in question [5] are unconstitutional but rather that the actions of the Commission thereunder deprive the plaintiff of constitutional rights. The complaint, and the plaintiff's evidence, are directed against the Commission holding that the plaintiff is a carrier for hire operating without authority. The plaintiff does not challenge the authority of the Commission to make the findings which support the conclusion but insists that the findings are incorrect and are not sustained by the evidence. The attack is on what the Commission has done—not on what the statutes authorize the Commission to do.

In our opinion the issue of whether the evidence sustains the findings of the Commission raises only a question of erroneous action which does not effect general state policy. We do not have a substantial claim of unconstitutionality requiring a three-judge court. The case must be left for disposition by the single judge to whom it was originally assigned.[6]

Accordingly, it is ordered that the three-judge court shall take no further action herein and that the cause shall be concluded by the Honorable Howard C. Bratton, Judge of the United States District Court for the District of New Mexico.

---

3. California Water Serv. Co. v. City of Redding, 304 U.S. 252, 254, 58 S.Ct. 865, 82 L.Ed. 1323; Ex parte Poresky, 290 U.S. 30, 31, 54 S.Ct. 3, 78 L.Ed. 152, rehearing denied 301 U.S. 712, 57 S.Ct. 787, 81 L.Ed. 1334.

4. Marshall v. Sawyer, 9 Cir., 301 F.2d 639, 645, citing Ex parte Williams, 277 U.S. 267, 48 S.Ct. 523, 72 L.Ed. 877, and Gully v. Interstate Natural Gas Co., 292 U.S. 16, 54 S.Ct. 565, 78 L.Ed. 1088.

5. The New Mexico Motor Carrier Act, § 64–27–1 et seq., N.M.S.A.1953 Comp.

6. Andrew G. Nelson, Inc. v. Jessup, S.D. Ind., 134 F.Supp. 218, 221.