Gregory Weston **HATFIELD**, Plaintiff,

v.

Catherine **WILLIAMS** et al., **Defendants.**

No. 73–C–3081–W.

United States District Court, N. D. Iowa, W. D.

May 29, 1974.

William A. Shuminsky, Daniel L. Jackson, Sioux City, Iowa, for plaintiff.

Lorna L. Williams, Special Asst. Atty. Gen., Des Moines, Iowa, Paul W. Deck, Asst. Woodbury County Atty., Sioux City, Iowa, for defendants Catherine Williams, Stilwill, Turner and Chwirka.

Charles L. Corbett, Sioux City, Iowa, for defendants Florence Crittenton Home and Ebbert.

Before STEPHENSON, Circuit Judge, McMANUS, Chief District Judge, and STUART, District Judge.

## ORDER

PER CURIAM.

This matter is before the court on defendants' resisted motions to dismiss, for appointment of a guardian ad litem and for a determination that this action is not maintainable as a class action, filed during December 10–20, 1973.

This suit was brought on behalf of Gregory Weston Hatfield, an infant, by his mother and next friend Sheila Hatfield as a class action. The action seeks (1) preliminary and permanent injunctions against several state officers, preventing them from the alleged enforcement of certain sections of the Iowa Code; (2) an adjudication declaring the unconstitutionality of these sections; (3) notification, apparently of the pendency of this action, by the defendants of all persons situated similarly to the plaintiff; (4) the release of plaintiff from his present custody and possession; (5) money damages from defendants Florence Crittenton Home and Marilyn Ebbert.

Plaintiff's mother was unmarried at the time of his birth, August 3, 1972, and he was released to the Home by her uncounseled execution of Articles of Surrender on August 8, 1972. Subsequently, plaintiff's mother reconsidered and attempted to revoke the Articles of Surrender and regain custody .of plaintiff. The Home refused this and legal proceedings, including this suit, followed.

This case has been treated as one of those contemplated by 28 U.S.C. § 2281, and a three-judge court has been convened pursuant to § 2284.

### I. Motions to Dismiss

■ A. Defendant C. F. Stilwill, a judge of the Third Judicial District of Iowa, moves for dismissal as to himself on the ground, inter alia, of failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). It is the court's view that upon this ground the motion is well taken. Plaintiff's complaint against this defendant is that he has refused to order defendant Home to disclose the names of the persons to whom plaintiff has been transferred as part of the Home's process leading to adoption. Plaintiff alleges that this refusal results in a complete denial of the right to habeas corpus as guaranteed by the United States Constitution and as specified by Iowa Code § 663.32, which provides in part that if defendant has transferred plaintiff to some other person,

> he must state that fact, and to whom, and the time thereof, as well as the reason or authority therefor.

Plaintiff's position here is quite unrealistic. A habeas corpus action directed against the Home may proceed as effectively in the absence of this information as upon its reciept. It is not the business of a federal court to decide what degree of specificity the word "whom" must be construed to require in this State statute. No conceivable interpretation of it would, under the facts of this case, have any constitutional ramifications. Therefore, plaintiff's claim against defendant Stilwill is not such a one as might be the ground for a grant of relief.

■ B. Defendants Richard Turner, Attorney General for the State of Iowa, and Zigmund Chwirka, County Attorney for Woodbury County, move for their dismissal as defendants on the ground that their connection with the enforcement of the statute challenged here is too insubstantial to render them proper parties. It is the court's view that this motion is well taken.

■ To render a state officer a proper defendant in a suit to enjoin application of a state statute, the officer must have some connection with the enforcement of the statute. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). In Fitts v. McGhee, 172 U.S. 516, 19 S.Ct. 269, 43 L.Ed. 535 (1898), quoted extensively in Young, supra, the Court said of the required "connection" between officer and statute that

> There is a wide difference between a suit against individuals, holding official positions under a state, to prevent them, under the sanction of an unconstitutional statute, from committing by some positive act a wrong or trespass, and a suit against officers of a state merely to test the constitutionality of a state statute, in the enforcement of which those officers will act only by formal judicial proceedings in the courts of the state. . . . If . . . a case could be made for the purpose of testing the constitutionality of the statute, by an injunction suit brought against [officers with no specific relation to enforcement of the challenged statute], then the constitutionality of every act passed by the legislature could be tested by a suit against the governor and the attorney general, based upon the theory that the . . . latter, as attorney general, might represent the state in litigation involving the enforcement of its statutes. That would be a very convenient way for obtaining a speedy ju-

dicial determination of questions of constitutional law . . . but it is a mode which cannot be applied to the states of the Union. . . .

It is this theory of the general duty to enforce the laws of Iowa by which plaintiff impermissibly attempts to subject defendants Turner and Chwirka to suit here. These officers have neither initiated nor threatened proceedings against plaintiff for violation of the challenged statute, nor does it appear that they would ever be likely to do so. In fact, defendants explicitly disclaim any such intention in their brief, and it appears that they have no connection with the enforcement of Chapter 238 such as would justify their presence here as defendants.

■ C. Catherine Williams, a defendant individually and as Director of the Division of Child and Family Services of the Iowa Department of Social Services, moves for dismissal of the action as to her on the ground, inter alia, that jurisdiction is not made out under 28 U.S.C. § 2281.

This law provides that an injunction may be issued preventing the enforcement of a state statute ". . . by restraining the action of any officer of such state in the enforcement or execution of such statute. . . ." Defendant Williams argues that there has been no action by her or the Division of Child and Family Services in this case to vindicate Iowa Code Chap. 238.26 et seq., there is thus nothing to restrain within the language of § 2281 and jurisdiction thereunder is consequently lacking.

It is the court's view that this contention is correct. It does not appear that any state official has taken such action with regard to the release and placement for adoption of Gregory Weston Hatfield as would constitute the conduct by a state officer which may be restrained under § 2281. There appears to have been no direct involvement of a state officer in the facts of this case, though state action is in issue on the part of

the Crittenton Home. Williams has not even threatened to perform whatever duty, if any, to effectuate the Code's language is generally imposed on her by state law, and it has often been held that such a threat is insufficient to properly invoke § 2281. Watson v. Buck, 313 U.S. 387, 61 S.Ct. 962, 85 L. Ed. 1416 (1941); Wilder v. Reno, 43 F. Supp. 727 (D.C.1942).

■ Furthermore, defendant Williams having taken no action in this matter, it appears that jurisdiction as to her cannot be shown under 28 U.S.C. § 1343(3), (4) or 42 U.S.C. § 1983, nor under 28 U.S.C. § 1331. *Fitts*, supra.

D. Defendants Florence Crittenton Home and Marilyn Ebbert move for their dismissal as defendants, arguing that the jurisdictional grounds asserted by plaintiff are insufficient as to them. Defendants argue that jurisdiction over them cannot be grounded on 28 U.S.C. § 1343(3), (4) or 42 U.S.C. § 1983 because their actions were not under color of state law but rather were merely those of a private organization, albeit one acting pursuant to state statute. Defendants also contest general federal question jurisdiction based on 28 U.S.C § 1331, alleging that the claims of the complaint notwithstanding, the amount in controversy is less than the required $10,000.01.

■ It is clear that neither Florence Crittenton Home, a private child placing agency, nor defendant Ebbert, its employee, are state officers within the meaning of 28 U.S.C. § 2281 and thus jurisdiction as to them cannot be established under this section. This exhausts the list of possible jurisdictional bases under § 2281 asserted by plaintiff.

■ When it appears during the development of a lawsuit maintained under § 2281, as it does here, that one of the jurisdictional prerequisites of that provision is lacking, the proper course is for the three-judge court to relinquish jurisdiction, Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249 (1940), Andrew G. Nelson, Inc. v. Jes-

sup, 134 F.Supp. 218 (D.C.1955), and, in the interest of judicial efficiency, remand the case to the single judge before whom suit was originally brought. Tape Industries Ass'n of America v. Younger, 316 F.Supp. 340 (1970).

It is therefore

Ordered

1. Plaintiff's complaint is dismissed as to defendants Stilwill, Turner, Chwirka and Williams.

2. Defendants Crittenton Home and Ebbert are not subject to jurisdiction under 28 U.S.C § 2281.

3. This action is remanded to Chief Judge McMANUS for determination of all remaining issues.